IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROGER DALE GODWIN,

                                                                                                            ORDER

                  Petitioner,

                                                                              09-cv-39-bbc

     v.

KEITH D. GOVIER, Sheriff;
DOUG MCKINLEY, Chief of Police;
KATHY HOTTENSTEIN, Police Officer;
TWO JOHN DOES;
JOANN KOELLER, Jail Adm.;
NURSE ANN; TRACEY; and
GRANT CO. JAIL;

                  Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Roger Godwin, a prisoner at the Redgranite Correctional Institution in Redgranite, Wisconsin, has submitted a proposed complaint and a request for leave to proceed in forma pauperis. The request will be denied, because petitioner does not qualify for in forma pauperis status under 28 U.S.C. § 1915(g).

      Section 1915(g) reads as follows:

      In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

1

> appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, this court has denied petitioner leave to proceed in forma pauperis in lawsuits that contained claims that were legally frivolous, malicious or failed to state a claim upon which relief may be granted. See Godwin v. Sutton, 05-C-493-C, decided September 12, 2005; Godwin v. Bridgewater, 05-C-593-C, decided November 7, 2005; and Godwin v. Frank, 06-C-489-C, decided September 22, 2006. Therefore, petitioner cannot proceed in this case unless I find that the complaint alleges that he is in imminent danger of serious physical injury.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), the threat or prison condition must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the court considers his request for leave to proceed in forma pauperis. See id. (citing Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003)). Claims of physical injury ordinarily arise in the context of lawsuits alleging Eighth Amendment violations.

In his complaint, petitioner appears to be alleging that respondent Hottenstein and two John Doe police officers violated his Fourth and Fifth Amendment rights when they arrested him without a warrant or probable cause and failed to inform him of his Miranda rights before his arrest on May 27, 2008. Petitioner contends that while detained at the Grant County jail from June 25, 2008 to July 10, 2008, he was not allowed to shower or

make telephone calls, and that respondents Nurse Tracey, Nurse Ann and Joann Koeller did not give him his prescribed medications for his "history of seizures, bi-polar [and] anti-depression" in violation of the Eighth Amendment. Finally, petitioner says that on November 1, 2008, he wrote to respondents McKinley and Govier about their "staff's actions," but these respondents did not redress the alleged wrongdoings.

Petitioner's claims in this case do not allow an inference to be drawn that he is in imminent danger of serious physical injury. All of his allegations are of past harm. The complaint in this case was filed on January 19, 2009; petitioner's claims clearly precede this date. Moreover, with regard to his Eighth Amendment claim of denial of prescribed medications, nothing in his complaint indicates that he is currently being denied these medications. Thus petitioner's complaint is not a complaint requiring application of the exception to § 1915(g).

Because petitioner is disqualified from proceeding in forma pauperis under § 1915(g), he may choose to pursue this case as a paying litigant. If so, he must submit a check or money order made payable to the clerk of court in the amount of $350. If he does this, however, petitioner should be aware that the court will be required to screen his complaint under 28 U.S.C. § 1915A, and dismiss his case if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. If petitioner does not make the $350 payment by February 26, 2009, I will consider that he does not want to pursue this action. In that event, the clerk of court is directed to close this file.

ORDER

IT IS ORDERED that petitioner Roger Godwin's request for leave to proceed in forma pauperis is DENIED because petitioner is ineligible for in forma pauperis status under 28 U.S.C. § 1915(g).

Further, IT IS ORDERED that petitioner may have until February 26, 2009, in which to submit a check or money order made payable to the clerk of court in the amount of $350. If, by February 26, 2009, petitioner fails to pay the fee, the clerk of court is directed to close this file.

Entered this 4th day of February, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge